### In re H. MAGEN CO., Inc.

(District Court, E. D. New York. June, 1924.)

**Bankruptcy ⬤⟞⟶225—Procedure; proceedings before referee before and after appointment of trustee.**

Prior to the election and qualification of a trustee, applications in turn-over or reclamation proceedings should be presented in the first instance to the court, which may refer the matter, if it deems best; but, after the election and qualification of a trustee, such applications should be made in the first instance to the referee, whose decisions may be reviewed by the court in proper proceedings.

In Bankruptcy. In the matter of the H. Magen Company, Inc., bankrupt. On motion to review order of referee. Motion granted.

Shaine & Weinrib, of New York City, for trustee.

Max J. Finkelstein, of New York City, for Herbert Magen.

INCH, District Judge. This is a motion made by the attorneys for a trustee to review an order of a referee. It presents a question of practice in this district. Because of this fact this opinion is rendered after consultation with the other judges of this district, so that the practice in this district may be clear and uniform. The motion is really made at the instance of the learned referee, whose order is to be reviewed for the purpose of settling the practice. The question arises as follows:

A duly elected and qualified trustee presented a petition to the referee. The petition asked for an order directing a certain third party to turn over certain property or its value. On the return day of the motion the party appeared and objected to the application being made in the first instance before the referee upon the ground that the application should have been made to the court. The referee thereupon denied the motion of the trustee on the ground that the practice in this district was in conformity with the objection above mentioned, and in a careful and fair opinion stated his reasons, intimating very properly that any departure from the practice should be made by the court, and not by a referee. In order to allow a review of his decision, the denial of the motion by him was with leave to review the same before this court. This has now been done by the attorneys for the trustee, no one appearing in opposition.

After careful consideration it seems that the motion should be granted. The trustee should therefore again present his application to the referee, for the purpose of allowing said referee in the first instance to pass upon the merits thereof, subject, of course, to the right of this court, on objections and proper steps being taken, to review.

Prior to the election of a trustee this court is peculiarly charged with the duty of caring for the estate of a bankrupt, regardless of the fact that an adjudication has taken place and a referee appointed, where the creditors of said bankrupt have not duly assumed at a meeting thereof that control contemplated by and in accordance with the plan of the Bankruptcy Law, by the election and qualification of a trustee. After adjudication, and prior to the appearance of a trustee, the title to the property is in the court. A receiver is but the representative of the court. Oftentimes, and possibly not often enough, a receiver is a mere custodian for the court.

When, however, a trustee has been duly elected, by a vote or otherwise, at a regular meeting of the creditors, and such trustee has duly qualified, the title to the bankrupt's property, wherever located, is vested in such trustee, and from then on the plain policy

of the law is to allow, as far as possible, the creditors themselves, before the referee, and acting by their trustee, to conduct the administration of the estate, subject, of course, to the power of this court at all times to correct errors and protect rights of parties when duly brought before the court by way of a proceeding to review or to confirm.

It would seem, therefore, best from now on for referees in this district to observe the following practice: Prior to the election and qualification of a trustee applications in turn-over or reclamation proceedings shall be presented, in the first instance, to the court. It will then refer the matter, if it deems best, for findings of fact, etc., before finally deciding same; the opinion of the special commissioner, when desired, being simply advisory. After the election and qualification of a trustee, applications in turn-over or reclamation proceedings shall be made, in the first instance, to the referee, and his decision may then be reviewed by this court in proper proceedings.

Motion granted. Submit order.